JOHN S. TODD'S ADMR. v. JAMES M. TODD'S ADMR, ET AL

Laches—Neglect to Claim Interest in Personal Property.

The neglect to claim an interest in personal property for a period of 20 years will bar a subsequent recovery by the heirs of the claimant.

APPEAL FROM BOURBON CIRCUIT COURT.

April 17, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit by appellees against aplellant seeking to recover the price of a stallion, with compound interest at biennial rests, which they allege John S. Todd had taken and sold as the property of James M. Todd, deceased, some twenty-five years previously.

James M. Todd died about March 1, 1843, very poor, leaving a widow and several small children in destitute circumstances.

December 6, 1837, James M. Todd had executed to his brother, John S. Todd, a mortgage on an undivided half of a jack, a Bertrand colt, a cow and a calf, two sows and ten shoats, two beds and bedding, six chairs, 30 barrels of corn, one hay stack and a sorrel Cherokee gelding, to secure John S. Todd as his security in a note for $1,200 to E. Basye, a commissioner, to sell a piece of land descended from John J. Collier to his heirs and as security to Samuel Williams in some $150 to $200 and to Mrs. Wright for $200. In the winter of 1840, this land was sold to R. M. Leverque for $1,100, of which $100 was paid in a horse to James M. Todd. Previous to this sale, John S. Todd had filed a petition to have the land deeded by the commissioner to him, because he was security for the purchase money, which James M. Todd consented to. Whereupon the court so ordered.

The land, however, lacked some two hundred dollars with accrued interest of paying the debt, as James M. Todd got the horse at $100—only $1,000 was paid in money.

April 13, 1840, John S. Todd recovered a judgment on a note against James M. Todd for $362.50 with interest from March 4, 1840, which note was executed March 3, 1840, and execution

thereon was returned by order of the plaintiff, May 19, 1840. It is reasonable to infer that this was a balance on the purchase price of the land which John S. Todd had advanced and remained after paying the $1,000 received from Leverque.

John S. Todd had in all human probability made other advances for his brother James M. Todd, which renders highly improbable the account given by B. W. Todd in his deposition, of the transaction and sale of the Bertrand stallion and Cherokee gelding by James M. Todd to John S. Todd, but if this was not so the mortgage affords the next reasonable solution of the case.

Nor do the counteracting facts attempted to be substantiated by appelles repel the intrinsic probability of B. W. Todd's statements. As to the date when he left the State, none of the disinterested witnesses speak with confidence, they could easily be mistaken in referring to a period of over twenty-five years past.

James O. Todd, who had assigned his interest in the claim, without consideration, to his mother for the purpose of becoming a witness, was only five years old when his father died, and no credit can be given to his recollection of events at that time and for two or three years previously.

No suit was brought in John S. Todd's life-time, though the widow and heirs of James M. Todd were in destitute circumstances, beside John S. Todd had given to a daughter of his deceased brother a horse and saddle and to the witness, James O. Todd, a saddle.

The circumstances of the parties, the transactions, the intrinsic probabilities together with the death of John S. Todd, who could have given a rational and truthful account of the transaction, together with the great lapse of time emphatically characterize this as a stale claim to be discountenanced rather than encouraged by the chancellor, and should only be allowed upon clear, probable and imposing proof.

As upon the merits we think the petition should be absolutely dismissed, the other errors assigned need not be noticed.

Wherefore, the judgment is reversed, with instructions to dismiss the petition absolutely.

*Davis,* for appellant.

*Prall,* for appellees.